Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

KEVIN RENARD DUSEK, an individual,

    Plaintiff,

v.

JOSE HERNANDEZ-NAJERA, an individual; TYLER KEATON JONES, an individual; and THE CITY OF RENO, a political subdivision of the State of Nevada,

    Defendants.

Case No.:  3:26-cv-00336

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

    COMES NOW, KEVIN RENARD DUSEK ("Dusek" or "Plaintiff"), by and through the undersigned counsel, and files the following complaint seeking redress for the

violation by JOSE HERNANDEZ-NAJERA ("Hernandez-Najera"), TYLER KEATON JONES ("Jones"), and THE CITY OF RENO of Plaintiff's rights under the Constitution of the United States and the Nevada Constitution.

## Jurisdiction

1.      This action arises under 42 U.S.C. § 1983, the United States Constitution, and the Nevada Constitution.

2.      This Court has jurisdiction of this action pursuant to 28 U.S.C. Sections 1331, 1343, 1367, 2201 and 42 U.S.C. Sections 1983 and 1988.

3.      The Court has personal jurisdiction over the Defendants because the alleged incidents described below occurred within this District.

## Venue

4.      Venue is proper pursuant to 28 U.S.C. Section 1391 in the District of Nevada because the acts giving rise to the Plaintiff's claims occurred in this District.

## Parties

5.      Dusek currently, and at all relevant times, resided in Washoe County, Nevada.

6.      Hernandez-Najera was, at all relevant times, a Police Officer employed by the City of Reno.

7.      Jones was, at all relevant times, a Police Officer employed by the City of Reno.

8.      Hernandez-Najera and Jones (collectively, the "Officer Defendants") were at all times relevant herein acting under color of state law as described below.

2

9. The City of Reno is, and at all relevant times was, a political subdivision of the State of Nevada, organized and existing under the laws of the State of Nevada. Under its authority, the City of Reno operates the Reno Police Department ("RPD"), which employed the Officer Defendants at all times relevant to this Complaint. At all relevant times, the City of Reno was responsible for the hiring, training, supervision, retention, and discipline of the Officer Defendants, and was the employer of the Officer Defendants who were acting within the course and scope of their employment with the City of Reno.

10. The Officer Defendants are sued in their individual capacities.

11. At all times relevant hereto, the Officer Defendants were acting within the scope of their employment with the City of Reno at the time of the incidents complained of herein. Under its authority, the City of Reno operates the Reno Police Department ("RPD").

**Allegations of Fact**

12. On June 24, 2024, at approximately 10 p.m., Officer Defendants Hernandez-Najera, Jones, Non-Defendant RPD Officer Stephanie Manning, and Non-Defendant RPD Officer Devynn Glover responded to a convenience store located at 4995 W. 7th Street, Reno, Nevada, on a report of an assault with a deadly weapon.

13. Upon arrival, Hernandez-Najera encountered Dusek inside the store near the soda machines. Dusek was filling a cup with soda.

14. Hernandez-Najera pointed his gun at Dusek and gave Dusek verbal commands to show his hands and to get on the floor, and Dusek immediately began to comply both verbally and by getting on the ground with his hands in the air.

15. Hernandez-Najera stated to Dusek words to the effect of "I will blow your fucking head off" as he initially approached Dusek.

16. As reflected in the Arrest Report and Declaration of Probable Cause, dated June 24, 2024, and the RPD Narrative reports authored by Hernandez-Najera, Dusek was on the ground and in the process of surrendering when Hernandez-Najera kicked Dusek in the left shoulder area, and in truth and in fact kicked Dusek directly in the face when Dusek was on all fours on the ground, despite Dusek's clear verbal and physical surrender.

17. While Dusek was on the ground and in the process of being placed into handcuffs, Hernandez-Najera deployed his taser and drive-stunned Dusek multiple times.

18. As set forth in the RPD Narrative report authored by Jones, dated June 25, 2024, Jones struck Dusek in the side of the head with a closed fist while Dusek was on the ground.

19. As set forth in the RPD Narrative report authored by Glover after Dusek was handcuffed, Hernandez-Najera delivered another taser drive-stun to Dusek "for an unknown reason."

20. It should have been clear to the Officer Defendants on scene that their continual tasing and manhandling of Dusek was the cause of any alleged resistance by Dusek, and any involuntary movement or reaction by Dusek to the force being applied to him did not justify the further application of force against him.

21.     Dusek sustained injuries as a result of the force applied by the Officer Defendants, including a laceration to his forehead, as reflected in the RPD Narrative report authored by Manning, dated June 24, 2024.

22.     Dusek was transported to Northern Nevada Sierra Medical Center for medical clearance and was then booked into the Washoe County Jail.

23.     Dusek was charged by Criminal Complaint, filed in the Justice Court of Reno Township on or about June 28, 2024 with three counts of Assault with Use of a Deadly Weapon, one count of Draw Deadly Weapon in Threatening Manner, and one count of Resisting a Public Officer.

24.     On May 14, 2025, a jury of Dusek's peers acquitted Dusek on all charges by Judgment of Acquittal.

**First Cause of Action**

**Excessive Force in Violation of the Fourth Amendment Under 42 U.S.C. § 1983**

**(Against the Officer Defendants)**

25.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as though fully set forth herein.

26.     The Fourth Amendment to the United States Constitution guarantees the right of the people to be secure in their persons against unreasonable seizures, which includes the right to be free from the use of excessive force by law enforcement officers.

27.     At the time of the incident, the right to be free from the use of excessive force by law enforcement, including the right to be free from force applied against a

5

person who is surrendering, face down on the ground, and/or handcuffed, was a clearly established constitutional right.

28.    At the time of the incident, it was clearly established that the use of intermediate force, including a Taser, against a restrained and non-resisting arrestee is excessive and unconstitutional under the Fourth Amendment to the United States Constitution. *Hyde v. City of Willcox*, 23 F.4th 863 (9th Cir. 2022).

29.    Under the totality of the facts and circumstances, the force used by the Officer Defendants against Dusek was objectively unreasonable, including but not limited to: (a) the kicking of Dusek in the face or head by Hernandez-Najera while Dusek was in the process of surrendering; (b) the repeated drive-stunning of Dusek with a taser by Hernandez-Najera while Dusek was face down on the ground and after he was handcuffed; and (c) the striking of Dusek in the side of the head with a closed fist by Jones while Dusek was on the ground.

30.    As a direct and proximate result of the unlawful and excessive force used by the Officer Defendants, Dusek suffered physical injury, severe mental anguish, and emotional trauma in connection with the deprivation of his constitutional rights guaranteed by the Fourth Amendment of the United States Constitution.

31.    The acts of the Officer Defendants described above were, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

32.    In addition to the relief requested above, Plaintiff requests relief as described in the prayer for relief below.

**Second Cause of Action**

**Violation of Nevada Constitution Article 1, Section 18**

**(Against the Officer Defendants and the City of Reno)**

33.     Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as though fully set forth herein.

34.     Article 1, Section 18 of the Nevada Constitution guarantees the right of people to be secure in their persons, papers and effects against unreasonable searches and seizures, which includes the right to be free from the use of excessive force by law enforcement officers.

35.     The Officer Defendants' actions in using excessive force against Dusek, as described above, violated Dusek's rights under the Nevada Constitution.

36.     Through the doctrine of respondeat superior, Defendant City of Reno is liable as a principal for all torts committed by its employees and agents acting within the course and scope of their employment, including the misconduct by the Officer Defendants described above.

37.     As a direct and proximate result of these violations, Plaintiff has suffered damages including but not limited to violation of his constitutional rights, physical injury, emotional distress, and mental anguish.

38.     The acts of the Officer Defendants described above were, intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

39.     In addition to the relief requested above, Plaintiff requests relief as described in the prayer for relief below,

7

**Third Cause of Action**

**Assault and Battery**

**(Against the Officer Defendants and the City of Reno)**

40. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as though fully set forth herein.

41. The Officer Defendants intentionally placed Dusek in reasonable apprehension of immediate harmful and offensive contact, including when Hernandez-Najera approached Dusek with a firearm pointed at Duskek and stated words to the effect of "I will blow your fucking head off," as alleged above.

42. The Officer Defendants intentionally subjected Dusek to harmful and offensive contact without his consent, including but not limited to: (a) the kicking of Dusek in the face or head by Hernandez-Najera while Dusek was in the process of surrendering; (b) the repeated drive-stunning of Dusek with a taser by Hernandez-Najera while Dusek was face down on the ground and after he was handcuffed; and (c) the striking of Dusek in the side of the head with a closed fist by Jones while Dusek was on the ground.

43. The force used by the Officer Defendants against Dusek was not reasonably necessary under the circumstances and exceeded any privilege the Officer Defendants may have had to use force in connection with Dusek's arrest, particularly in light of Dusek's surrender, his prone position on the ground, and his handcuffed status during portions of the force applied.

44. Through the doctrine of respondeat superior, Defendant City of Reno is liable as a principal for all torts committed by its employees and agents acting within

the course and scope of their employment, including the assault and battery committed by the Officer Defendants as described above.

45.     As a direct and proximate result of the assault and battery committed by the Officer Defendants, Dusek suffered physical injury, including a laceration to his forehead as reflected in the RPD Narrative report authored by Manning, dated June 24, 2024, as well as severe mental anguish and emotional trauma.

46.     The acts of the Officer Defendants described above were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages against the Officer Defendants.

47.     In addition to the relief requested above, Plaintiff requests relief as described in the prayer for relief below.

WHEREFORE, the Plaintiff requests that this Court:

a. Enter a declaratory judgment that the actions complained of herein are unlawful and violate the United States Constitution and Nevada law;

b. Order Defendants to pay compensatory damages for the Plaintiff's physical injuries, emotional distress, mental anguish, in amounts to be proven at trial;

c. Order the Officer Defendants to pay exemplary and punitive damages;

d. Order Defendants to pay attorneys' fees and costs of the action pursuant to 42 U.S.C. § 1988;

e. Order Defendants to pay interest at the legal rate on such damages as appropriate; and

f. Grant any further relief that the Court deems just and proper.

///

Dated:  May 7, 2026

By: _____

Luke Busby, Esq.
Nevada State Bar #10319
316 California Avenue
Reno, Nevada 89509
(775) 453-0112
lukebusby@pm.me

Lauren Gorman, Esq.
Nevada State Bar #11580
275 Hill Street, Suite 248
Reno, Nevada 89501
(775) 742-6129
lgorman@laurengormanlaw.com

*Attorneys for the Plaintiff*