**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN DUSEK,

Plaintiff

v.

JOSE HERNANDEZ-NAJERA, TYLER KEATON JONES, and THE CITY OF RENO,

Defendants

Case No.: 3:26-cv-00336-MMD-CSD

**Order**

Re: ECF Nos. 26, 29

Defendants the City of Reno and Tyler K. Jones (hereinafter "Defendants") have filed a "Motion Regarding Discovery Dispute and to Designate Internal Affairs Investigation Documents as Confidential under Stipulated Protective Order." (ECF No. 26.) Plaintiff responded. (ECF No. 28.) Additionally, Plaintiff filed a motion for leave to file an exhibit under seal, in accordance with the terms of the parties' protective order. (ECF No. 29). Prior to holding a hearing, the court ordered Defendants to submit the IA investigation documents to chambers for *in camera* review (ECF No. 30.). Defendant provided the IA investigation file and confidentiality log for the court to review prior to the hearing. The court completed an *in camera* review of the IA file documents and confidentiality log.

On September 25, 2026, the court held a hearing on Defendants' motion. After considering the briefs and the arguments of the parties, the court concludes that Defendants' motion should be granted in part and denied in part as follows.

/ / /

/ / /

## I. BACKGROUND

Plaintiff filed his complaint in this action against the City of Reno, Jones, and Jose Hernandez-Najera[1] pursuant to 42 U.S.C. § 1983, alleging claims of excessive force and assault and battery in connection with an incident that took place on June 24, 2024. (*See* ECF No. 1.) In proceeding through discovery, the City of Reno produced the internal affairs ("IA") investigation file related to the incident, designating nearly all of it confidential.

Following meet-and-confer, the City de-designated additional portions, including "policies and procedure and the police report related to the incident described in the Complaint." (ECF No. 26-1 at 3.) Plaintiff objects to the confidentiality designation as to all remaining items. Accordingly, pursuant to the terms of the parties' protective order (ECF No. 23 at 5-6), Defendants have applied to the court for an order allowing the remaining IA materials to remain confidential. As the parties seeking to preclude public disclosure, Defendants bear the burden of establishing the documents should be protected. (*Id.* at 5-6.)

## II. STANDARD

"As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). However, "for good cause" the court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure." Fed. R. Civ. P. 26(c)(1)(A). The parties can also stipulate to a protective order, pursuant to which parties may designate material as confidential and thus shielded from public view; however, if one side seeks to remove the confidentiality designation, the party opposing disclosure bears the burden of showing "good cause to continue the protection

---

[1] Hernandez-Najera is represented by separate counsel and not by counsel for the City of Reno.

of the discovery material." *In re Roman Cath. Archbishop*, 661 F.3d at 424. Good cause "requires a showing 'that specific prejudice or harm will result'" from public disclosure of the information. *See id.*

When a party seeks to enforce a confidentiality designation, the court must first determine whether "particularized harm will result from disclosure of information to the public." *Id.* If so, the court next "balance 'the public and private interests to decide whether [maintaining] a protective order is necessary.'" *Id.* (alterations in original). The second question requires the court to consider the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Id.* at 424 n.5.

## III. ANALYSIS

Defendants argue that "[g]ood cause exists to designate the IA file as confidential because its confidential nature is recognized under Nevada law and public disclosure of any potential disciplinary information would prejudice the employee privacy interests of the peace officers whose conduct was investigated." (ECF No. 26 at 2.) Plaintiff responds that Defendants have not established any particularized harm and the public has a strong interest in transparency and accountability with regard to police misconduct.

To support their assertion that IA files are confidential under Nevada law, Defendants rely on *American Civil Liberties Union of Nevada v. Clark Cnty. Sch. Dist.*, 586 P.3d 1221 (Nev.

2026). But *ACLU* stands only for the "narrow" proposition that an internal investigation of a police officer is exempt from disclosure under Nevada's public records act "to the same extent its disclosure is prevented under NRS 289.090." *Id.* at 1223. As the opinion explains, § 289.090 prevents disclosure of such files "at least absent a law enforcement agency recommending adverse employment action," *Id.* However, in the present case, the IA investigation is closed, and discipline has been imposed on the officer (who has resigned). *ACLU* therefore does not support Defendants' argument that the IA file is confidential under the circumstances of this case.

Defendants' citation to Nevada Administrative Code ("NAC") § 284.718(1)(j) is somewhat more availing, as it provides that employee discipline files maintained by human resources are confidential. However, "[s]tate law is not binding on federal courts in these kinds of cases," *Welsh v. City & County of San Francisco*, 887 F. Supp. 1293, 1299 (N.D. Cal. 1995) (internal citations omitted). "While [the] Court may give some weight to privacy rights protected by state statutes, the 'ultimate responsibility for deciding how much weigh to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." *Id.* at 1301.

To support their assertion that police officers have a privacy interest in their disciplinary records, Defendants cite a series of cases, almost all of which arose in the public records request context.

Under the Freedom of Information Act, "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" and "records or information compiled for law enforcement purposes . . . to the extent that the production of such law enforcement records or information . . . could reasonably be expected to

constitute an unwarranted invasion of personal privacy" are exempt from disclosure in response to a public records request. 5 U.S.C. §§ 552(b)(6), (b)(7)(C). In deciding whether material is exempt from disclosure under these provisions, courts must balance the privacy issue at stake with the relevant public interest in disclosure. *See Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976); *Lane v. Dept. of the Interior*, 523 F.3d 1128, 1137 (9th Cir. 2008).

The FOIA exemptions and the cases cited by Defendants support the general notion that employees have a non-trivial privacy interest in disciplinary investigations of them. However, the persuasive value of these cases as to the strength of that interest is somewhat limited, in that in nearly all the cases the courts ultimately found that the materials were exempt from disclosure because the discipline at issue was stale and/or unsubstantiated and the public interest in disclosure was low. *See Rose*, 425 U.S. 352; *Lane*, 523 F.3d at 1137 ("We agree with the district court that Antonich has a privacy interest in the information withheld from Lane as the subject of an agency investigation that could lead to his discipline or censure.") (internal citations and alterations omitted); *Coleman v. Lappin*, 680 F. Supp.2d 192, 200 (D.D.C. 2010) (holding investigation into conduct of BOP officer exempt from disclosure due to minimal public interest outweighed by privacy interests of officer and non-party inmate whose complaint prompted the investigation); *Schoenberger v. Nat'l v. Transp. Safety Bd.*, 508 F. Supp. 941, 943 (D.D.C. 1981) (concluding investigation into a grievance against the plaintiff's supervisor was exempt from disclosure under § 552(b)(6) as it was part of the supervisor's personnel file and the public interest in disclosure was low); *Bloomgarden v. United States Dep't of Justice*, 874 F.3d 757 (D.C. Cir. 2017) (twenty-year-old letter proposing termination of former AUSA currently working in private practice exempt from disclosure; former employee no longer worked as prosecutor, conduct described in letter not of the type of which public would have strong interest

in knowing; and "privacy interest [was] quite substantial. . . . not just because the [AUSA] is now a practicing lawyer who would undoubtedly be quite embarrassed by disclosure of a proposed discipline letter from many years ago" but also because allegations in letter were not substantiated. )

In the single § 1983 decision cited by Defendants, the district court concluded that "internal affairs and administrative investigation documents" were properly subject to a protective order and thus precluded from public disclosure. *See Est. of Niroula v. Riverside Cnty. Sheriff's Dep't*, 2024 WL 4403894, at *1-2 (C.D. Cal. Sept. 6, 2024). Importantly, however, *Niroula* involved investigation into officer misconduct in a prison setting, and the court found that disclosure would "reveal sensitive information, including about potential witnesses and uninvolved third parties as well as potentially jeopardize jail security." *Id.* at *2. Notably, there is no discussion about the privacy interest of an employee investigated by internal affairs.

The court concludes that while an officer who is investigated for discipline may have a nontrivial privacy interest in the internal affairs file, it is not a particularly strong interest. *See Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir. 2001) (public law enforcement officers have somewhat reduced privacy interests by virtue of becoming public officials, and "a government employee's privacy interests may be diminished to the extent it might disclose 'official misconduct.'"); *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407, 411 (C.D. Cal. 2005) (citing *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988) ("Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of 'highly personal' information warranting constitutional safeguard. The privacy interest in

nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review."); *Olivera v. Vissuzi*, 2011 WL 1253887, at *3 (E.D. Cal. Mar. 31, 2011) ("[C]ourts have held that individuals lack a constitutional right to informational privacy in the disclosure of a police department reprimand and the reasons for the reprimand. . . .").

On the other hand, the case law – including those cases cited by Defendants -- expresses a strong privacy interest belonging to the witnesses to such investigations. *See, e.g.*, *Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1026 (2008) (concluding that names and identities of witnesses who cooperated in investigation of wildfire during which two responders died were exempt from disclosure due to danger of harassment, embarrassment and stigma that might occur if their names were made public and that witnesses had a privacy interest in avoiding same); *Clark Cnty. Sch. Dist. v. Las Vegas Rev.-J.*, 429 P.3d 313, 321 (Nev. 2018) (holding that "teachers or witnesses who may face stigma or backlash for coming forward or being part of the investigation" had privacy interests that justified exempting "disclosure of their names or other information that would identify them").

The court therefore weighs the relevant factors with these guidelines in mind.

As to the first factor, Officer Hernandez-Najera has a nontrivial privacy interest in the IA investigation files, but it is not a particularly strong interest. The privacy interest is several degrees stronger for the witnesses to the investigation (*i.e.*, the other officers who responded with to the incident). This factor therefore weighs against disclosure – strongly for the witnesses, but minimally for Officer Hernandez-Najera.

As to the second factor, there is no indication that Plaintiff seeks to make this information public for an improper purpose. Rather, Plaintiff represents that he intends to use it in filing a

publicly accessible motion for partial summary judgment, a legitimate purpose. This factor therefore weighs in favor of disclosure.

As to the third factor, disclosure of the information could cause Officer Hernandez-Najera and the witnesses to the investigation embarrassment and/or stigma. This weighs against disclosure.

As to the fourth factor, the information is important to public health and safety. Public health and safety are implicated by the actions of its law enforcement officers, as well as the investigations done and discipline ordered by the agency employing those officers. The court does not find persuasive Defendants' argument that this factor weighs against disclosure because the harm has already occurred and is not ongoing. To the contrary, how RPD investigated and disciplined Officer Hernandez-Najera directly impacts the public's interactions with RPD officers. This factor weighs in favor of disclosure.

As to the fifth factor, the sharing of the information in the IA file will promote fairness and efficiency, as it will decrease the time spent by the parties redacting their public filings. This factor therefore weighs in favor of disclosure.

As to the sixth factor, this case involves public officials, and an order of protection would benefit them. This favor therefore weighs in favor of disclosure.

Finally, as to the seventh factor, the issue of excessive force during police interactions, and the response of the employing agency, are matters of significant public importance. This factor therefore weighs in favor of disclosure.

Weighing all these factors, the court concludes that good cause exists to continue the confidentiality designation of the IA file only as to the witnesses – their names and their statements. The witnesses' interests are sufficiently robust to outweigh all the other factors in

favor of disclosure. As to the remainder of the IA file, Defendants have failed to establish good cause for the confidential designation. The court will therefore order that such designation be removed so the materials may be made publicly available.

## IV. CONCLUSION

In accordance with the foregoing, IT IS THEREFORE ORDERED that Defendant's Motion Regarding Discovery (ECF No. 26) is GRANTED IN PART and DENIED IN PART.

The Motion is granted to the extent that the witness interviews, their names, and their statements, as well as all information deriving therefrom, may be maintained as confidential at this stage of the proceedings. Accordingly, the witness interviews (COR000241, COR000242, COR000243) may remain confidential in their entirety. In all other documents, the witnesses' names, their statements, and all information derived from their statements, shall be redacted.

The Motion is denied in all other respects.

In accordance with the court's ruling herein, Plaintiff's motion to file under seal (ECF No. 29) is DENIED.

**IT IS SO ORDERED**.

Dated: October 1, 2026

Craig S. Denney
United States Magistrate Judge